

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00122-CV
No. 07-23-00123-CV
No. 07-23-00124-CV

**IN THE MATTER OF O.I., A CHILD**

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court Nos. 7244J, 7387J, 7390J, Honorable James W. Anderson, Presiding

August 28, 2023

## CONCURRING AND DISSENTING OPINION

I respectfully concur and dissent with the majority opinion as discussed below.

Regarding "Appeal 07-23-00122-CV (Trial Court Number 7244J)," Count One, I concur in the opinion but write to add that a stick may be a deadly weapon depending on the manner in which it was used. *See, e.g.*, *Curtis v. State*, No. 07-22-00273-CR, 2023 Tex. App. LEXIS 6079, at *7 (Tex. App.—Amarillo Aug. 10, 2023, no pet. h.) (mem. op., not designated for publication) (so holding). An element of the test is illustrating the item is capable of causing death or serious bodily injury in its manner of use or exhibition. *Id.* My concern is the absence of evidence illustrating that the stick or pole used was capable of causing death or serious bodily injury given the manner of its use. That it was capable

of inflicting bruises may establish its capability for causing bodily injury. *See* TEX. PENAL CODE ANN. § 1.07(a)(8) (defining bodily injury as physical pain, illness, or any impairment of physical condition). The same is not necessarily true regarding serious bodily injury. The capability to inflict a bruise alone does not establish serious bodily injury if the bruise is not of the ilk evincing a substantial risk of death, serious impairment, or the like. *See id.* § 1.07(a)(46) (defining serious bodily injury as bodily injury creating a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ); *Pruneda v. Granados*, No. 01-20-00043-CV, 2021 Tex. App. LEXIS 4315, at *27–28 (Tex. App.—Houston [1st Dist.] June 3, 2021, no pet.) (mem. op.) (stating that, though some evidence showed that the marks and bruises observed on John's legs were caused by Father, there is no evidence that John's injuries created a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ). In other words, most anything may cause a minor bruise. Indeed, one may discover bruises without realizing he ever encountered an object capable of bruising him. So, suffering some type of bruise does not mean the individual risked death or serious bodily injury.

Here, we have the use of some stick, rod, or item maybe 24 to 30 inches long, its use to strike someone, and that use resulting in a non-descript bruise on the hip. I do not believe those circumstances alone to be some evidence upon which a rational factfinder could find beyond reasonable doubt that the item was capable of causing death or serious bodily injury in the manner of its use.

Regarding "Appeal 07-23-00122-CV (Trial Court Number 7244J)," Count Two, I respectfully dissent. A reasonable person walking down a street can interpret "Hey, let me talk to you right quick" and "Hey, let me holler at you right quick" as directives as

2

opposed to requests or questions. Uttered once by a police officer while the subject of the directive continues walking and again as the uniformed officer exits his cruiser heightens the authoritativeness of those directives; that too adds to the reasonableness of a belief that the walker must stop. Layer over that the officer's own admission that he "wanted to stop" the person while uttering the directives adds purpose and context to his statements, or one can reasonably infer. Indeed, the officer here was attempting to fulfill an official assignment when encountering appellant. That is, he was trying to trespass the individual from a convenience store rather than simply making inquiries or engaging in banter. And, if added altogether, these circumstances could reasonably lead one to infer that he was not free to leave. That is why I conclude, when viewing the record from the standpoint of the factfinder, that the interaction at issue was not a consensual encounter. *See Monjaras v. State*, 664 S.W.3d 921, 927 (Tex. Crim. App. 2022) (stating that 1) an encounter is consensual only if the citizen is free to leave and terminate the interaction at any time, 2) it is a detention if an officer, through a showing of force or authority, restrains a citizen to the point that an objectively reasonable person would not feel free to decline the officer's requests or terminate the encounter, and 3) when determining which it is, the time, place, and surrounding circumstances must be taken into account, while the officer's conduct is the most important factor).

Thus, I join in the majority opinion save in its decision to reverse the trial court's judgment and disposition order in Cause Number 7244J.


Brian Quinn
Chief Justice


3